**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **JOHN JOYCE**, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 1:25-cv-97 |
| : | |
| **FEDERAL HOME LOAN MORTGAGE** : | |
| **CORPORATION aka FREDDIE MAC** : | |
| : | |
| Defendant. : | |
| : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, the Plaintiff, John Joyce ("Mr. Joyce" or "Plaintiff"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 15 and Local Civil Rule 7, and submits this opposition to the motion to dismiss of Defendant, Federal Home Loan Mortgage Corporation aka Freddie Mac ("Freddie Mac" or "Defendant"), on the grounds and praying for the relief hereinafter set forth:

**I.      LEGAL STANDARD**

A complaint need only contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept as true all well-pleaded allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"In the context of a Title VII employment discrimination claim, to survive a motion to dismiss, the plaintiff need not plead a prima facie case of discrimination; instead, the plaintiff is required to plausibly state a violation of Title VII that rises above a speculative level." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616-17 (4th Cir. 2020) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585-86 (4th Cir. 2015); and *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955));  See also *Woods v. City of Greensboro,* 855 F.3d 639, 650-51; *see also id.* at 652 ("[D]iscrimination claims are particularly vulnerable to premature dismissal because civil rights plaintiffs often plead facts that are consistent with both legal and illegal behavior, and civil rights cases are more likely to suffer from information-asymmetry, pre-discovery.").

Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001).

## II.     ARGUMENT

To establish a *prima facie* case of retaliation, plaintiff must prove three elements: "(1) that []he engaged in protected activity; (2) that [his] employer took an adverse employment

2

action against [him]; and (3) that there was a causal link between the two events." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 271 (4th Cir. 2015) (quoting *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405–06 (4th Cir. 2005)).  After the prima facie showing is made, the burden then shifts to the employer to show that its purportedly retaliatory action was in fact the result of a legitimate non-retaliatory reason. *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 252 (4th Cir. 2015).  If the employer makes this showing, the burden shifts back to the plaintiff to rebut the employer's evidence by demonstrating that the employer's purported nonretaliatory reasons were not its true reasons but were a pretext for discrimination. *Id.*

Defendant challenges the first and third elements of Plaintiff's prima facie case.  It argues that none of the communications from Plaintiff related to discrimination on April 2, 2024, April 21, 2024, May 16, 2024, and June 5, 2024, sufficiently establish a protected activity.  In addition, regarding the third element, they argue that there was not sufficient temporal proximity, an intervening cause, and no reference to decision makers having knowledge.  For the reasons stated herein, Plaintiff establishes his prima facie case for retaliation and shows that Defendant's proffered reasons are pretext for retaliation.  Accordingly, the Court should deny Defendant's Motion to Dismiss.

    **i.    Plaintiff has engaged in protected activity.**

For purposes of determining whether an employee engaged in protected activity, the "touchstone is whether the employee's course of conduct as a whole: (1) communicates to [his] employer a belief that the employer has engaged in a form of employment discrimination, and (2) concerns subject matter that is actually unlawful under Title VII or that the employee reasonably believes to be unlawful." *DeMasters v. Carilion Clinic*, 796 F.3d 409, 418 (4th Cir. 2015).  A court makes this determination by examining "the course of a plaintiff's conduct

through a panoramic lens, viewing the individual scenes in their broader context and judging the picture as a whole." *Id.* Further, the Fourth Circuit has recognized retaliation claims where a plaintiff did not directly refer to a protected characteristic if a reasonable employer "should have understood" that the nature of the complaint was discrimination. *Jones v. United Health* Group, No. CV JKB-17-3500, 2019 WL 1903668 (D. Md. Apr. 29, 2019), *aff'd sub nom. Jones v. UnitedHealth Grp., Inc.,* 802 F. App'x 780 (4th Cir. 2020) (citing *Strothers v. City of Laurel, Maryland*, 895 F.3d 317 (4th Cir. 2018)).

Furthermore, "[c]omplaints raised through internal company procedures are recognized as protected activity." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021). In the present case, Plaintiff has pled that he reported pay discrepancy with his Indian peers and being withheld from meetings after his April 2 email formally to HR on April 21, 2024. Compl. at 20. Again, on May 16, 2024 Plaintiff wrote a follow-on email to the April 2 and 21, 2024 email to his supervisors, in which he again specifically addresses discrimination, stating "I want to end all forms of discrimination at Freddie Mac, including but not limited to my exclusion from the 'important teams' of which Jeeva spoke." Compl. at Ex. A pg. 3 of 10. Then, again, on June 5, 2024 Plaintiff specifically raises and reacts to discrimination. Compl. at Ex. A pg. 1 of 10. Thus, Plaintiff has overwhelmingly put Defendant on notice that he is raising concerns with discrimination and Defendant's retaliation against him for his reporting it. Expressly using the word "discrimination" is not required to establish this element of the claim; however, in the present case, Plaintiff actually did use it and he put it in writing. This element has been sufficiently pled.

    ii.    **Plaintiff has established a causal link.**

Plaintiff can establish the third element of his prima facie case. Both the record in this

case and the timeline of events establish a causal connection between Plaintiff's protected activities and the adverse actions taken against him.  An adverse action that bears sufficient temporal proximity to a protected activity may, along with the existence of other facts, suggest that the adverse employment action occurred because of the protected activity, for purposes of establishing the causation prong of a prima facie case of retaliation.  *See Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 126 (4th Cir. 2021) (citing *Johnson v. United Parcel Ser., Inc.*, 839 F. App'x 781, 783-84)).  Establishing a "causal relationship" at the prima facie stage is not an onerous burden. *Id.* at 127 (citing *Strothers v. City of Laurel, Maryland*, 895 F.3d 317, 335 (4th Cir. 2018)).  Plaintiff has met this burden.

    A. <u>Temporal Proximity and Knowledge of Decision Maker.</u>

"While there is not a bright-line rule instructing when temporal proximity is sufficient to establish causation, without other evidence of causation, the gap between the protected activity and the adverse employment action can generally be no longer than two months." *Barnhill v. Bondi*, No. 23-1901, 2025 U.S. App. LEXIS 11813, at *28 (4th Cir. May 15, 2025);  *See Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 127 (4th Cir. 2021)(explaining that the inference of causation does not begin to weaken until two months have passed between the protected activity and adverse action).

"However, even in the absence of temporal proximity, causation can be established through a pervasive sequence of intervening events indicating disdain for or intermeddling with the protected activity. *See e.g., Barbour v. Garland*, 105 F.4th 579, 593-94 (4th Cir. 2024); *Holloway v. Maryland*, 32 F.4th 293, 300 (4th Cir. 2022) (causation established where supervisor told plaintiff that they 'would be involved' in their EEO complaint); *Lettieri v. Equant Inc.*, 478 F.3d 640, 650-51 (4th Cir. 2007) (causation established where plaintiff was stripped of multiple

5

job responsibilities before ultimately being fired for an illegitimate reason)." Quoting *Barnhill v. Bondi*, No. 23-1901, 2025 U.S. App. LEXIS 11813, at *15-16 (4th Cir. May 15, 2025).

In the present case, there were escalating communications on April 21, 2024, then May 16, 2024, then on June 5, 2024. Plaintiff was placed on suspension on June 7, 2024 and terminated on July 18, 2024. Further, prior to reporting, Plaintiff was promoted on April 1, 2024 (before his initial email regarding disparate pay on April 2, 2024). Thus, it is clear that prior to reporting Plaintiff was being perceived positively by his employer. Further, after reporting, Plaintiff complains about being excluded from meetings. However, after continuing his reporting and raising allegations of discrimination, Plaintiff is suspended and terminated, which satisfies the temporal proximity analysis. See *Id*.

Defendants also allege that there is no indication that the decisionmaker was aware of the protected activity. The Complaint alleges that Plaintiff reported to HR with a formal complaint on April 21, 2024 and then HR did an investigation leading to termination. Thus, they were aware. Nonetheless, the exact allegation is that after the June 5, 2024 email they immediately suspend and terminate him. While they make additional arguments to try and disregard their discriminatory/retaliatory conduct, the June 5, 2024 email is an outcrying of discrimination. Two days after they suspend him, based on that email, which would mean they knew about his reporting discrimination. Thus, this assertion has been directly pled. Plaintiff has established a prima facie case.

B. <u>June 5, 2024 email is not an intervening act that breaks any inference of causal connection.</u>

There is not much case law on intervening acts/events as it relates to the causal link element of retaliation that can be located by undersigned counsel that have been espoused by the 4th Circuit. Defendant cites two district cases to try and create this defensive theory. First, they

6

rely on *Allen v. Federal Express Corp.* and Defendant contends in their brief that the *Allen* Court found "casual connection between employee's filing of an EEOC charge and termination was broken by intervening incident where she threatened co-worker." *Allen v. Fed. Express Corp.*, No. 1:09CV17, 2011 U.S. Dist. LEXIS 34812, at *39 (M.D.N.C. Mar. 31, 2011); see also Def. Brief pg. 16.  With respect to Defendant, this is not accurate or what this case concluded, at all. To the contrary, the *Allen* Court concluded there was not a casual link because "Plaintiff's employment was terminated too long after FedEx became aware of her protected activities to establish prima facie causation." *Id*.  In fact, the *Allen* Court then analyzes that even if there was a prima facie case, that there was a sufficient non-pretextual explanation. Id.  At no point does the Allen Court indicate, imply, or expressly conclude that the Plaintiff's alleged threats of physical violence, including making a gun with her finger at the other employer was an intervening cause.  *Id*.

Second, Defendant cites to *Chinnery*, which addresses ongoing tardiness that had been previously warned of and cites to the 10th and 8th Circuit, which have adopted the analysis indicated therein regarding intervening events. *Chinnery v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, No. 1:23cv1110 (DJN), 2024 U.S. Dist. LEXIS 110887, at *22 (E.D. Va. June 24, 2024). As an initial matter, it is not clear that the 4th Circuit jurisprudence is consistent with the 10th or 8th Circuits evolution of the temporal proximity and prima facie case analysis.  Thus, the 4th Circuits standard of analysis should be the standard for review as asserted in *Roberts*,

> "As this Court has held, establishing a 'causal relationship' at the *prima facie* stage is not an onerous burden." *Strothers*, 895 F.3d at 335 (citing *Foster*, 787 F.3d at 251; *Burgess v. Bowen*, 466 F. App'x 272, 283 (4th Cir. 2012) ("[V]ery little evidence of a causal connection is required to establish a *prima facie* case of retaliation.") (citation omitted))."

7

*Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 127 (4th Cir. 2021).

In Plaintiff's case, there is an obvious temporal proximity from June 5, to June 7. However, Defendant is contending that the content of the June 5, 2024 message is so extreme as to be an intervening cause. Interestingly, it is also part of Plaintiff identifying, criticizing, and rejecting the discrimination he is contending he was receiving.

Part of the problem they contend is that Mr. Joyce stating "Indian" and describing them as "Indians" is offensive and racist. This is inaccurate. To be clear, he is not referring stereotypically to brown skinned people from Asia as Indians (i.e. calling a brown skinned Hispanic generically Mexican regardless of actual origin). To the contrary, he is identifying Indians, as Indian. Thus, there is nothing racist with identifying the class that he believes is discriminating against his class being racist. For example, if it was an African American describing his discriminating colleagues as white people, this is not a racist description if the discriminating party is white. It is merely an accurate descriptive moniker of the group perpetrating the alleged discrimination.

Thus, the remainder of their position is that the language he is using to protest and reject what he believes to be a flagrant and racially charged decision by the management team (stated to the same group), is so inexplicably unacceptable that they have to terminate him just for that. Essentially Defendant argues that when you are challenging racism and prejudice you must swallow it whole and challenge it only with professional decorum, less they have the right to terminate you for challenging it.

Defendants have not cited to any case that stands for a similar defensive proposition to the facts of this case. It is not clear what the outer limits of such a standard would be; however, in this case, the issue will come down to whether or not challenging, rejecting, and complaining

of racism led to a recently promoted employee's (April 1, 2024) immediate termination, or, regardless of complaining of racial discrimination, that he overstepped the boundaries of who and how you can raise and react to racist conduct. This is a question appropriate for a jury to decide. Plaintiff has pled a prima facie case.

### III.   CONCLUSION

WHEREFORE, Plaintiff requests that Defendants Motion to Dismiss Plaintiff's Complaint be denied. Alternatively, Plaintiff requests leave to amend its pleading if this Court finds that Plaintiff has failed to state a claim.

Respectfully submitted,

JOHN JOYCE

/s/ Dirk McClanahan_____
Dirk McClanahan (VSB No. 81208)
MCCLANAHAN POWERS, PLLC
3160 Fairview Park Drive, Suite 410
Falls Church, VA 22042
Telephone: (703) 520-1326
Facsimile:  (703) 828-0205
Email: dmcclanahan@mcplegal.com
*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I certify that on this 20th day of May, 2025, I filed the foregoing electronically with the Clerk of the Court using the CM/ECF system, which caused service on the counsel of record.

/s/  Dirk McClanahan\_\_\_\_\_
Dirk McClanahan