**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **JOHN JOYCE,**<br><br>Plaintiff,<br><br>v.<br><br>**FEDERAL HOME LOAN MORTGAGE CORPORATION d/b/a FREDDIE MAC,**<br><br>Defendant. | Civil Action No. 1:25-CV-00097-RDA-LRV |

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"), by and through its undersigned counsel, respectfully submits this Answer to Plaintiff John Joyce's First Amended Complaint (ECF No. 23) as follows:

**PARTIES**

1. Plaintiff is a resident of the State of Michigan. Plaintiff is a Caucasian male, and a former employee of Defendant.

**ANSWER:** Freddie Mac admits that it formerly employed Plaintiff. Upon information and belief, Freddie Mac admits that Plaintiff resided in Michigan during some portion of his employment with Freddie Mac and is a Caucasian male. Freddie Mac lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's current residence, and therefore denies that allegation.

2. Defendant is a congressional chartered entity that is a stockholder-owned corporation, with its headquarters and principal place of business in McLean, Virginia.

**<u>ANSWER</u>:** Freddie admits the allegations in Paragraph 2 of the Amended Complaint.

3. At all relevant times, Defendant was an "employer" as that term is defined in 42 U.S.C. § 2000e(b) as it is a company "engaged in an industry affecting commerce who ha[d] fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or proceeding calendar year." Defendant is thus covered by and subject to Title VII of the Civil Rights Act of 1964.

**<u>ANSWER</u>:** The allegations in Paragraph 3 of the Amended Complaint contain legal conclusions to which no answer is required. To the extent a response is required, Freddie Mac admits it is an employer and that it meets the thresholds of coverage for Title VII of the Civil Rights Act of 1964. Freddie Mac denies the remaining allegations in Paragraph 3 of the Amended Complaint.

**JURISDICTION AND VENUE**

4. This action is brought by Plaintiff for damages and injunctive relief on account of Defendant's discriminatory and retaliatory practices as to race and color, and as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

**<u>ANSWER</u>:** The allegations contained in Paragraph 4 of the Amended Complaint contained legal conclusions to which no answer is required. To the extent a response is required, Freddie Mac admits that Plaintiff has brought an action seeking damages under Title VII, but Freddie Mac denies that Plaintiff alleged \ race discrimination, alleged color discrimination, or sought injunctive relief in his Amended Complaint. Freddie Mac denies the remaining allegations in Paragraph 4 of the Amended Complaint

5. This Court has federal question subject matter jurisdiction over Plaintiff' [sic] claims pursuant to 28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 1981 *et seq*., and 42 U.S.C. § 2000e *et seq*.

**ANSWER:** Freddie Mac admits that the Court has jurisdiction over this action. Freddie Mac denies the remaining allegations in Paragraph 5 of the Amended Complaint.

6. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to these claims occurred in this district, and as all of the acts complained of herein occurred in the Commonwealth of Virginia.

**ANSWER:** Freddie Mac admits that the venue is proper in this Court. Freddie Mac denies the remaining allegations in Paragraph 6 of the Amended Complaint.

7. Plaintiff has satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII, 42 U.S.C. § 2000e-5, in particular:

a. Prior to filing the present action, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission (EEOC) alleging discrimination and retaliation on account of his race and retaliation, identified as Charge No: 570-2024-03583.

b. The EEOC issued Plaintiff a notice of dismissal and notice of his rights on October 22, 2024, and it was received by Plaintiff shortly thereafter.

c. The Complaint in this matter was filed with this Court within ninety (90) days from the receipt of the "Notice of Right to Sue".

**ANSWER:** The allegations in Paragraph 7 of the Amended Complaint regarding Plaintiff's administrative and procedural exhaustion contain legal conclusions to which no answer is required. To the extent a response is required, Freddie Mac admits Plaintiff filed an EEOC Charge and that Plaintiff received a notice of right to sue letter. Freddie Mac lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations relating to when Plaintiff received his notice and therefore denies them. Freddie Mac denies the remaining allegations in Paragraph 7 of the Amended Complaint.

**STATEMENT OF FACTS**

8. Plaintiff was employed by Defendant with the job title Agile Development Senior.

**ANSWER:** Freddie Mac admits that it employed Plaintiff and for a period of time he held the job title Agile Development Senior. Freddie Mac denies the remaining allegations in Paragraph 8 of the Amended Complaint.

9. Plaintiff worked for Defendant for approximately four years, until his termination on July 18, 2024.

**ANSWER:** Freddie Mac admits the allegations in Paragraph 9 of the Amended Complaint.

10. Plaintiff is in the computer technology field. The overwhelming majority of Plaintiff's work team are comprised of employees of south Asian ethnicity, specifically and predominately Indian.

**ANSWER:** Plaintiff's allegation that he works in the "computer technology field" is too vague for Freddie Mac to admit or deny, and Freddie Mac therefore denies it. Plaintiff's allegation as to who constitutes "Plaintiff's work team" is too ambiguous for Freddie Mac to admit or deny, and Freddie Mac therefore denies it. Freddie Mac denies the remaining allegations in Paragraph 10 of the Complaint.

11. Plaintiff is objectively Caucasian by his appearance.

**ANSWER:** Upon information and belief, Freddie Mac admits that Plaintiff self-identifies as Caucasian. Freddie Mac lacks sufficient knowledge or information to form a belief as to the

truth or falsity of Plaintiff's allegation that he is "objectively Caucasian by his appearance" and therefore denies the allegation.

12. Similarly, his co-workers and supervisors are objectively south Asian, specifically and predominately, Indian based upon their appearance and names.

**ANSWER:** Freddie Mac admits that some, but not all, of Plaintiff's former co-workers and supervisors are of Indian descent. Freddie Mac denies the remaining allegations in Paragraph 12 of the Complaint.

13. During his tenure, Plaintiff was highly successful in his role.

**ANSWER:** Freddie Mac denies the allegations contained in Paragraph 13 of the Amended Complaint.

14. Plaintiff was promoted on April 1, 2024.

**ANSWER:** Freddie Mac denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. Despite this, Plaintiff routinely dealt with comments from his supervisors that it would be much better if he returned to the office and performed work there, instead of remote working.

**ANSWER:** Freddie Mac denies the allegations contained in Paragraph 15 of the Amended Complaint.

16. Many of these comments and discussions were not one on one, but raised in group calls by his supervisor, who knew he had accommodation.

**ANSWER:** Freddie Mac denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. Although Plaintiff received a promotion on April 1, 2024, there were significant discrepancies with Plaintiff's pay and benefits compared to his South Asian, predominately Indian, peers.

**ANSWER:** Freddie Mac denies the allegations contained in Paragraph 17 of the Amended Complaint.

18. Plaintiff brought this issue to his supervisor on April 2, 2024, but it went unanswered.

**ANSWER:** Freddie Mac denies the allegations contained in Paragraph 18 of the Amended Complaint.

19. However, as a result, Plaintiff was informed that he had been intentionally excluded from "important team meetings" thereafter.

**ANSWER:** Freddie Mac denies the allegations contained in Paragraph 19 of the Amended Complaint.

20. Plaintiff filed a formal complaint with Defendant's Human Resources ("HR") regarding this issue on April 21, 2024 though the online HR portal.

**ANSWER:** Freddie Mac admits that at some point, Plaintiff utilized Freddie Mac's online portal to submit a complaint. Freddie Mac denies the remaining allegations in Paragraph 20 of the Amended Complaint.

21. Plaintiff does not currently possess a copy of the complaint he submitted on April 21, 2024. If the complaint is produced, Plaintiff is willing to file a motion for leave to amend to add it to this Complaint.

**ANSWER:** Freddie Mac lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning what Plaintiff possesses or what he is willing to

do and therefore denies those allegations. Freddie Mac denies the remaining allegations in Paragraph 21 of the Complaint.

22. To the best of Plaintiff's recollection and belief, the content of the complaint on April 21, 2024 would have been substantially similar to the following:

> "There is a pattern of systemic discrimination at Freddie Mac. Cody Hornberger (white/Caucasian) was an Agile Developer (I, II or III) I can't remember which who had been with Freddie Mac for 4 years. Cody was so good at his job that even the Senior most people like Vasu, Ganapathy and others would regularly depend on Cody's help to get their front end development work done and yet Cody was paid only $60k per year and passed up for a recent promotion opportunity to a position that he was already overqualified for. Meanwhile, I have been putting in 12 to 16 hour days helping H1Bs complete their work for about a year now and I had told Kalpana that I could do the work myself, in far less time and with a higher quality result which would save the company a ton of money. Nevertheless, Bhuvan, someone with only the background of testing and not development, was hired to the position everyone agreed I should have been promoted to: Agile Development Senior. To add insult to injury, Anjana Cox, a person with 1 year less seniority, no Computer Science degree and no notable accomplishments that neither I nor anyone else I asked was aware of, but nevertheless she was promoted to Agile Development Senior one year before me. When you finally got around to promoting me, you set my salary below that of Anjana's."

**ANSWER:** Freddie Mac lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to what Plaintiff recalls or believes and therefore denies them. The contents of Plaintiff's submission through the online portal speaks for itself, and therefore Freddie Mac denies the allegations relating to the "substantial similarity" of Plaintiff's recollection. Freddie Mac denies the remaining allegations in Paragraph 22 of the Amended Complaint.

23. To the best of Plaintiff's recollection and belief, this April 21, 2024 complaint specifically raised and discussed systemic pay discrimination. Again, notably, the context is that this communication is sent directly to Defendant's HR to report a problem.

**ANSWER:** Freddie Mac denies the allegations contained in Paragraph 23 of the Amended Complaint.

24. On May 16, 2024 Plaintiff again emailed his supervisor and additional managers, raising concerns that the pay disparity appeared to be a form of racial pay discrimination.

**ANSWER:** Freddie Mac denies the allegations contained in Paragraph 24 of the Amended Complaint.

25. On June 5, 2024, for the first time, Plaintiff was informed by his supervisor that no salary adjustment would be forthcoming.

**ANSWER:** Freddie Mac admits that Plaintiff was informed on June 5, 2024 that his salary would not be adjusted further in 2024. Freddie Mac denies the remaining allegations contained in Paragraph 25 of the Amended Complaint.

26. On June 5, 2024, Plaintiff immediately responds to the denial, which does not address the points made, in his May 16, 2024 email.

**ANSWER:** Freddie Mac admits that Plaintiff sent a response email on June 5, 2024 regarding his lack of raise. Freddie Mac denies the remaining allegations contained in Paragraph 26 of the Amended Complaint.

27. Immediately thereafter, an HR investigator contacted Plaintiff to inform him that he was the subject of an investigation based on his June 5, 2024 email, which ultimately resulted in the suspension of his employment on June 7, 2024 and termination thereafter formally on July 18, 2024.

**ANSWER:** Freddie Mac admits that an HR investigator contacted Plaintiff to inform him that he was the subject of an investigation based on his June 5, 2024 email. Freddie Mac admits that Plaintiff's June 5, 2024 email "ultimately resulted in the suspension of his employment on

June 7, 2024 and termination thereafter formally on July 18, 2024." Freddie Mac further admits that Freddie Mac terminated Joyce's employment because:

- "**On June 5, 2024**, John Joyce responded to an email from his manager regarding his compensation related to his recent promotion with racially harassing language against Asians of Indian origin.
- The language used in John's email was derogatory, race-based, and inappropriate violating the company's Equal Employment Opportunity, Anti-Harassment, and Reasonable Accommodation Policy *and* Code of Conduct.

**As a result of this**, I am recommending termination of John Joyce's employment effective immediately." (emphasis added). *See* **Exhibit 1** to this Answer (Joyce Termination Memo).

28. In addition, Plaintiff submitted an email on June 25, 2024 again raised the issue of pay discrimination by email. This email was sent to Defendant's management and the investigation team. The content of the email is indicated below:

> "Subject: Re: secure-send
> From: John Joyce <johnjoycem@gmail.com>
> Date: 6/25/24, 5:05 PM
> To: "Sonnier, Gabby" <gabrielle_sonnier@freddiemac.com>
> CC: "Ali, Ferhana" <ferhana_ali@freddiemac.com>
>
> Miss Sonnier,
> Thank you for confirming receipt of my voice mail. Anjana Cox and Bhuvanesh Achutharathanim have the same job title as I do but they make more money than me. Both Bhuvanesh and Anjana are of Indian ethnicity as are the four managers of the Resolve team: Kalpana, Vidhya, Prasad and Prahbjot. I am a Caucasian. It is a violation of the law to pay people differently with the same title. This is racial discrimination. It is a violation of the law on the part of Freddie Mac. This injustice has been going on for nearly 2 years now and the stress and indignation it has caused has been accumulating over that time. If your findings at the close of this matter do not, at a minimum, include the above finding, then I respectfully request that we have at least one more call before you close out this case.
> Thank You,
> John M. Joyce"

**ANSWER:** Freddie Mac admits that Plaintiff sent an email to Gabby Sonnier on June 25, 2024 with the content reflected in Paragraph 28. Freddie Mac denies the remaining allegations in Paragraph 28 of the Amended Complaint.

29. Plaintiff was terminated for engaging in a protected activity based on his complaints regarding racial discrimination and unequal pay April 2, 2024, April 21, 2024, May 16, 2024, and June 5, 2024 and June 25, 2024.

**ANSWER:** Freddie Mac admits that Plaintiff was terminated because of the email he sent on June 5, 2024. *See* **Exhibit 1**. The Court has already held as a matter of law that Plaintiff did not engage in protected activity on April 2, 2024, April 21, 2024, May 16, 2024, and June 5, 2024, so Freddie Mac denies those allegations. Freddie Mac denies the remaining allegations contained in Paragraph 29 of the Amended Complaint.

30. A copy of those written correspondences are attached hereto as **Exhibit A**.

**ANSWER:** Freddie Mac admits that Plaintiff attached a copy of certain written correspondences as Exhibit A. Freddie Mac denies the remaining allegations in Paragraph 30 of the Complaint.

## COUNT I
### RETALIATION AND WRONGFUL DISCHARGE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

31. Plaintiff hereby incorporates by reference and re-alleged each of the allegations contained in this Complaint.

**ANSWER:** Freddie Mac incorporates its responses to Paragraphs 1-30 of the Amended Complaint as if fully restated herein.

32. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee on the basis of Plaintiff's race and reporting of the discriminatory conduct.

**ANSWER:** The Court has already held as a matter of law that Plaintiff did not engage in protected activity on April 2, 2024, April 21, 2024, May 16, 2024, and June 5, 2024, so Freddie Mac denies those allegations. Freddie Mac denies the allegations in Paragraph 32 of the Amended Complaint.

33. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

**ANSWER:** Freddie Mac denies the allegations in Paragraph 33 of the Amended Complaint.

34. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all of his damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

**ANSWER:** Freddie Mac denies the allegations in Paragraph 34 of the Amended Complaint.

35. In acting as alleged herein, Defendant has acted maliciously, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting

to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

**ANSWER:** Freddie Mac denies the allegations in Paragraph 35 of the Amended Complaint.

36. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided for by 29 U.S.C. §2000e-5(k).

**ANSWER:** Freddie Mac denies the allegations in Paragraph 36 of the Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant;

B. Award Plaintiff compensatory damages and punitive damages;

C. Award Plaintiff back pay and front pay;

D. Award Plaintiff her [sic] court costs, expenses, attorneys' fees, prejudgment interest and post-judgement interest;

E. Declare that Defendant's conduct is in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*.; and

F. Grant such other relief as this Court may consider just and proper.

**ANSWER:** This section is a prayer for relief to which no answer is required. To the extent any response is required, Freddie Mac denies that Plaintiff is entitled to any of the relief sought.

**DEMAND FOR JURY TRIAL**

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

**GENERAL DENIAL**

Freddie Mac denies all allegations not expressly admitted herein.

**DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

Freddie Mac asserts the following affirmative and other defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses.

**FIRST DEFENSE**

Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

**SECOND DEFENSE**

At all times relevant hereto, Freddie Mac acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

**THIRD DEFENSE**

All actions taken by Freddie Mac with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to any unlawful consideration.

**FOURTH DEFENSE**

Every action taken by Freddie Mac with respect to Plaintiff was based upon reasonable factors other than the alleged unlawful factors.

**FIFTH DEFENSE**

Plaintiff did not engage in any protected activity.

**SIXTH DEFENSE**

Freddie Mac ended Plaintiff's employment because of legitimate, non-retaliatory reasons.

**SEVENTH DEFENSE**

Plaintiff cannot establish causation between any protected activity and an adverse employment action.

**EIGHTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the unclean hands doctrine.

**NINTH DEFENSE**

Freddie Mac did not engage in any conduct that could support an award of punitive damages.

**TENTH DEFENSE**

To the extent Plaintiff suffered any damages, he has failed to mitigate them.

**ELEVENTH DEFENSE**

At all material times, Plaintiff was an at-will employee and was therefore subject to discharge at any time, with or without cause, as long as the discharge was for a lawful reason.

**TWELFTH DEFENSE**

The Court has already held as a matter of law that Plaintiff did not engage in protected activity on April 2, 2024, April 21, 2024, May 16, 2024, and June 5, 2024, so the Law of the Case dictates that those alleged instances cannot form the basis of a retaliation or wrongful discharge claim.

Freddie Mac reserves the right to assert any additional defenses as they become known to it through discovery or otherwise.

Dated: May 14, 2026

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Jason A. Ross*
Jason A. Ross (VSB No. 91034)
Anna R. Margolis (VSB No. 99805)
JACKSON LEWIS P.C.
11790 Sunrise Valley Drive, Suite 400
Reston, VA 20191
Tel.: (703) 483-8300
Jason.Ross@jacksonlewis.com
Anna.Margolis@jacksonlewis.com

***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 14, 2026, I electronically filed the foregoing *Answer to Plaintiff's First Amended Complaint* with the Clerk of the Court using the CM/ECF system, which will send a notification to counsel of record:

Dirk Harris McClanahan, Esq.
McClanahan Powers, PLLC
3160 Fairview Park Drive, Suite 410
Falls Church, VA 22042
Tel: 703-520-1326
dmcclanahan@mcplegal.com

***Counsel for Plaintiff***

*/s/ Jason A. Ross*
Jason A. Ross (VSB No. 91034)
**JACKSON LEWIS P.C.**
11790 Sunrise Valley Drive, Suite 400
Reston, VA 20191
Tel.: (703) 483-8300
Jason.Ross@jacksonlewis.com

***Counsel for Defendant***

4896-7815-3387, v. 1